UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY F. WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3570 |
| | § | |
| METROPOLITAN TRANSIT AUTHORITY | § | |
| OF HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the Court is the defendant's, the Metropolitan Transit Authority of Harris County, Texas ("METRO") motion for summary judgment (Dkt. No. 30) and the plaintiff's, Ray F. Wilson, response to METRO's motion for summary judgment (Dkt. No. 33). Also before the Court for consideration in addressing METRO's motion are the plaintiff's deposition and exhibits tendered by METRO and the plaintiff. As well, METRO filed a reply challenging the plaintiff's stated defenses as set forth in the plaintiff's response. (Dkt. No. 41). The Court has reviewed the pleadings and documents presented and determine that METRO's motion for summary judgment should be granted.

**II.**

This is an employment discrimination suit brought by the plaintiff wherein he asserts that race, age and disability are the bases for his separation from employment on February 22, 2010. The plaintiff came to work for METRO on October 4, 1983, as a bus operator. In 2005, he was reassigned to one of METRO's bus operating facilities, the Fallbrook location. The plaintiff's immediate supervisor was Les Rhome from August 9, 2009, to February 22, 2010, the date of his

separation from METRO. The plaintiff's employment was terminated when he failed to report to work after a scheduled vacation.

The plaintiff took scheduled vacation from February 15, through February 19, 2010. He was scheduled to return to work on February 22. However, instead of returning to work as scheduled, the plaintiff and an unidentified male called the plaintiff's immediate supervisor on February 22, and requested that the plaintiff be placed on unscheduled vacation leave for four weeks. At the time that the plaintiff spoke to his supervisor, Rhome, he revealed that he was in jail based on charges of possession with intent to distribute a prescription drug and housed at the Essex County Correction Center in New Jersey. Rhome did not place the plaintiff on vacation leave but, instead, drafted a letter of resignation on the plaintiff's behalf and processed it. The Employee Change form noted that the plaintiff was resigning for personal reasons but that he was eligible for rehire. According to the plaintiff, when he called in to report for duty on March 22, he was informed, for the first time, that he was no longer employed. He attributes his race, age and past illness as the basis for his termination.

### III.

*A.  METRO's Contentions*

METRO contends that Rhome did not place the plaintiff on vacation leave and never approved the plaintiff's request. More importantly, contends METRO, Rhome's alleged comments that the plaintiff was "sick, old and black," are unrelated to the plaintiff's separation from employment on February 22, 2010. As well, METRO argues the fact that it accepted the plaintiff's resignation even though the plaintiff did not personally submit a written or oral request does not violate METRO's guidelines on resignations.

Addressing the plaintiff's claims of age and disability discrimination, METRO argues that the plaintiff has failed to present any evidence that he was discharged due to his age. METRO points to a "nondiscriminatory" reason for the plaintiff's separation, *i.e.,* the plaintiff's absence when his requested unscheduled vacation leave was not approved. Hence, the plaintiff's allegations of stray remarks, allegedly made about him, are simply that, stray remarks that did not figure into METRO's decision to terminate him. Regarding the plaintiff's claim of disability discrimination, METRO asserts that the issue of illness did not arise in February of 2010 when the decision to terminate was being made. The last request for medical leave was made by the plaintiff in 2009. While the 2009 request was denied, METRO argues that that denial had no relation to the plaintiff's request for vacation or sick leave on February 22, 2010. In fact, METRO asserts that neither Rhome nor Rhome's supervisor had any knowledge of the plaintiff's medical condition. Therefore, METRO argues that the plaintiff's age, disability, and race played no role in his separation from employment.

### B.    *The Plaintiff's Contentions*

The plaintiff asserts that Rhome twice referred to him as "sick, old and black." He contends that over the 22 years of his employment, he was a loyal employee, receiving numerous awards for attendance, leadership, and his service as a mentor for new bus operators. The plaintiff asserts that in 2005 he began experiencing a medical condition that caused distortion of vision, limited his ability to work and caused him to suffer extreme dizziness. His condition, the plaintiff contends, was diagnosed as Bell's Palsy and/or hypertension. Therefore, from January of 2005 through 2009, he was required to take family medical leave from time-to-time to address his illness. In 2009, however, METRO reduced the number of family medical leave hours and,

for the first time, denied him medical leave. When the medical leave policy was changing, the plaintiff was admonished that things were changing. Subsequently, he was denied medical leave.

The plaintiff argues that his evaluations during his years of illness reflect a bias on the part of his supervisors. For example, in 2003, his supervisor, Larry Guy, evaluated him and documented that the plaintiff had been counseled for absences. Again, in 2005 Guy documented that the plaintiff had taken 49 days of medical leave. In 2009, Rhome evaluated the plaintiff and also counseled the plaintiff regarding the number of medical leave days that he had taken in prior years. In the plaintiff's view, as a "long timer", he was the target of METRO's plan to get rid of "sick, old and black" employees such as himself. Therefore, the plaintiff contends that METRO's motion for summary judgment should be denied.

## IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial."

*Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

The Court is of the opinion that the plaintiff's race, age, and illness played no role in METRO's decision to terminate his employment. The plaintiff's incarceration on drug trafficking charges, coupled with his absences on the day he was scheduled to return to work, was adequate cause to terminate him. The plaintiff did not and could not return to work as scheduled following his vacation. Hence, his failing was not based on his age. Nor was his failing based on race or a medical condition. It was based simply on the plaintiff's absence. And, while the plaintiff's history of absences, whether for true illnesses or not, may have played a role in whether his supervisor would grant the plaintiff's request for four weeks of unscheduled vacation, that privilege was not mandatory or owed to the plaintiff.

The plaintiff suggests that METRO, and particularly his supervisors, were "laying in the weeds" waiting for an opportunity to terminate him. Assuming that the plaintiff is correct, it was

the plaintiff who supplied the opportunity and an otherwise valid reason for METRO's actions. In fact, the plaintiff describes the occasion as "Rhome seiz[ing] the opportunity to terminate [him]." The plaintiff does not argue that his conduct, being AWOL, could not form a legitimate basis for his termination. Nor does the plaintiff assert that any Caucasian who has engaged in similar conduct was not terminated; or, that persons of his age or those who suffer illness cannot be terminated for failing to return to work timely. In the case at bar, the plaintiff has fallen on his own sword and cannot be heard to argue that it is someone else's fault. *See Twiss*, 389 F.3d at 149-50.

Summary judgment is appropriate because there is no evidence that supports a causal connection between the plaintiff's race, age or illness, and his failure to report to duty on February 22, 2010. *See Morris*, 144 F.3d at 380.

It is therefore ORDERED that METRO's motion for summary judgment should be and it is hereby Granted.

SIGNED on this 5th day of March, 2013.

_____
Kenneth M. Hoyt
United States District Judge